## FIRST NATIONAL BANK OF FORT VALLEY *v.* RILEY.

ATKINSON, J.  A writ of attachment, based on allegations that the defend-
ant had sold part of his property and was preparing to sell the rest of
it to avoid payment of his debts, was executed by levy on described land,
and a claim was filed by a third person.  On the trial the claimant
assumed the burden of proof; and a verdict was directed in his favor.
The plaintiff excepted.  The claimant did not testify; but the evidence
showed the following in substance:  Claimant was negotiating several
months for the purchase of the property.  About noon of March 26th
the owner notified him that an offer of $6,000, which he had previously
made, would be accepted.  He arranged to borrow the money from a
bank with which to pay the purchase-price.  He was authorized by the
president of the bank to draw a check for the amount of the purchase-
price, and did so; the check was delivered to the owner, who executed
a warranty deed conveying the property to the claimant, but reciting

on its face a reservation to the owner of the rents for five months as part of the consideration. The balance of the consideration recited in the deed was six thousand dollars cash. The claimant also executed a written option reciting that in consideration of $1 the claimant gave the grantor, his heirs and assigns, an option to buy the property within 6 months, at the price of $6,200. In concluding the sale the parties were engaged until about 9 o'clock Saturday night. The estimated value of the property for rent was $56.50 per month. It was admitted that the consideration named in the deed was a fair value of the property. The defendant was insolvent at the time, and owed the bank (from which the claimant borrowed the money) several notes amounting to $5,000. This debt was paid from the proceeds of the check. The claimant was informed by the defendant that the latter was selling in order to pay off his debts, and that for that purpose the defendant was intending to sell all of his property (there being other property). The deed and check were delivered; but it does not appear when the check was cashed or what became of the other $1,000. On the following day, which was Sunday, the plaintiff sued out his attachment against the claimant's grantor, and caused it to be levied on the property. When tendered in evidence the judge rejected the note from the claimant to the bank for the money which it loaned him. *Held:*

1. The evidence rejected was admissible.
2. The court erred in directing a verdict for the claimant.

*Judgment reversed. All the Justices concur.*
AUGUST 18, 1914.

Claim. Before Judge Parker. Houston superior court. April 6, 1913.

*Miller & Jones,* for plaintiff.
*A. C. Riley* and *Jule Felton,* contra.